IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JEROLD SISEMORE,

    Plaintiff,

v.                                                                                                                   No. 1:17-cv-01093-JDB-egb

STATE OF TENNESSEE, HENRY COUNTY,
and 24TH JUDICIAL DISTRICT,

    Defendants.

---

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
DISMISSING DEFENDANTS STATE OF TENNESSEE AND 24TH JUDICIAL DISTRICT,
AND PERMITTING PLAINTIFF TO AMEND COMPLAINT AS TO
DEFENDANT HENRY COUNTY

---

On May 17, 2017, Plaintiff, Jerold Sisemore, filed a *pro se* complaint "seeking relief" under 42 U.S.C. § 1983 against the Defendants, the State of Tennessee, Henry County, and the 24th Judicial District,[1] and a motion for leave to proceed *in forma pauperis*. (Docket Entry ("D.E.") 2; D.E. 1 at PageID 1.) That same day, after the case was referred to United States Magistrate Judge Edward Bryant for management and for all pretrial matters for determination and/or report and recommendation as appropriate, (Admin. Order 2013-05, Apr. 29, 2013), the magistrate judge granted *in forma pauperis* status. (D.E. 5.)

---

[1] It is unclear whether Plaintiff is suing the 24th Judicial District as a separate defendant or only included the judicial district in the captions of his first two filings to describe Defendant Henry County. (D.E. 2; D.E. 1 (listing as defendants the "State of Tennessee" on the first line and "Henry County; in the 24th Judicial district" on the following two lines).) In the third of his three court submissions, Sisemore included only "The State of Tennessee; (Henry County)" as defendants. (D.E. 6 at PageID 14.) Even construing the 24th Judicial District as a separate defendant, the Court would still reach the same conclusion as set forth *infra*.

On December 7, 2017, Judge Bryant issued his report, "recommend[ing] that this Court dismiss Plaintiff's claims against the State of Tennessee and the 24th Judicial District in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)[,] and allow Plaintiff fourteen (14) days to amend his [c]omplaint to allege municipal liability against Henry County for the alleged claims in Plaintiff's [c]omplaint that relate to his imprisonment."[2] (D.E. 7 at PageID 21-22.) According to the Court's docket, no objections to the report and recommendation have been filed pursuant to 28 U.S.C. § 636(b)(1), and the time for such filings has lapsed. *See* Fed. R. Civ. P. 72(a).

The magistrate judge reasoned that because "[o]nly persons are liable under 42 U.S.C. § 1983" and because "a state is not a person for the purpose of the statute," the state of Tennessee should "be dismissed for failure to state a claim for which relief can be granted . . . ." (D.E. 7 at PageID 19 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989))); *see also Johnson v. City of Memphis*, 617 F.3d 864, 871-72 (6th Cir. 2010) (explaining that the state of Tennessee's codified sovereign immunity extends to "claims arising under 42 U.S.C. § 1983 and the United States Constitution" (citing *Hale v. Randolph*, No. 1:02-CV-334, 2004 WL 1854179, at *17 (E.D. Tenn. Jan. 30, 2004))). Judge Bryant recommended that the 24th Judicial District should also be dismissed for the same reasons. (D.E. 7 at PageID 19 (citing *Weaver v. Tenn. Highway Patrol*, No. 1:16-cv-01121-JDT-egb, 2016 WL 7634478, at *4 (W.D. Tenn. Nov. 15, 2016), *report & recommendation adopted as modified by* 2017 WL 27989 (W.D. Tenn. Jan. 3,

---

[2] Paragraph thirteen (13) of Plaintiff's complaint alleges the following:

> During the arrest process; I was unable to explain properly about my disability issues. I was strapped in a Hannibal Lecter chair; 8hrs [sic]. Non-combative. They were too busy demonizing me. Next; 6 days in an isolation cell; naked; freezing; no blanket; socks; underwear; t-shirt; and NO hygiene privileges! I did get to ask if this was how they treat DISABLED VETERANS HERE. That suffer with a seizure disorder?

(D.E. 1 at PageID 2.)

2

2017))); *see also Eldridge v. Gibson*, 332 F.3d 1019, 1021-22 (6th Cir. 2003) (finding that the Thirteenth Judicial District of Tennessee was not "a 'person' subject to suit under §1983" because the judicial district "is clearly a branch of the state and as such is protected from suit by the Eleventh Amendment").

In regard to Henry County, the report and recommendation detailed the requirements for finding municipal liability, including that "a plaintiff 'must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy.'" (D.E. 7 at PageID 20 (citing *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003)).) Ultimately, Judge Bryant determined the following:

> The allegations of this [c]omplaint fail to identify an official policy or custom which caused injury to Plaintiff. Plaintiff has not pointed to any policy or custom that caused Henry County or the 24th Judicial District to manipulate charges, manufacture guilt, exaggerate punishment and bonds, strap arrestees in chairs, isolate the arrestees naked for days, or strip them of hygiene privileges. However, due to Plaintiff's *pro se* status, the Court recommends that Plaintiff be given fourteen (14) days to amend his [c]omplaint to state a claim for municipal liability with respect to paragraph thirteen (13) of his [c]omplaint, as that is the only claim that does not relate to a claim against the State of Tennessee, the 24th Judicial District, or his previous state court conviction.

(D.E. 7 at PageID 21; *see* D.E. 1.)

Upon review of the magistrate judge's report and recommendation, the Court ADOPTS Judge Bryant's report and recommendation. (D.E. 7.) The state of Tennessee and the 24th Judicial District are DISMISSED as defendants, and Plaintiff may amend his complaint within fourteen days of the entry-date of this order to set forth municipal liability against Henry County for the alleged claims in his complaint that relate to his imprisonment. (*See* D.E. 7 at PageID 21-22.) Should Plaintiff fail to submit such a filing, this case may be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 11th day of January 2018.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE