IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JEROLD SISEMORE,

    Plaintiff,

v.                                                                                                                                                          No. 1:17-cv-01093-JDB-egb

HENRY COUNTY,

    Defendant.

ORDER DISMISSING CASE

### I.     Background and Procedural History

On May 17, 2017, the Plaintiff, Jerold Sisemore, filed a *pro se* complaint "seeking relief" pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (Docket Entry ("D.E.") 2; D.E. 1 at PageID 1.) That same day, after the case was referred to United States Magistrate Judge Edward Bryant, (Admin. Order 2013-05, Apr. 29, 2013), the magistrate judge granted *in forma pauperis* status. (D.E. 5.)

In his December 7, 2017 report, Judge Bryant "recommend[ed] that this Court dismiss Plaintiff's claims against the State of Tennessee and the 24th Judicial District in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)[,] and allow Plaintiff fourteen (14) days to amend his [c]omplaint to allege municipal liability against Henry County for the alleged claims in Plaintiff's [c]omplaint that relate to his imprisonment."[1] (D.E. 7 at PageID 21-22.) After no

---

[1] Paragraph thirteen of Sisemore's complaint states that:

During the arrest process; I was unable to explain properly about my disability issues. I was strapped in a Hannibal Lecter chair; 8hrs [sic]. Non-combative. They were too busy demonizing me. Next; 6 days in an isolation cell; naked;

objections were filed, this Court entered an order adopting the report and recommendation ("R&R") on January 11, 2018, dismissing the state of Tennessee and the 24th Judicial District[2] as defendants and permitting Plaintiff to amend his complaint within fourteen days of the entry-date of the order to set forth municipal liability against Henry County for the alleged claims in his complaint relating to his imprisonment. (D.E. 8); *see* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also warned that should Sisemore fail to submit such a filing, this case may be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (D.E. 8 at PageID 25.)

Additionally, the Court noted the requirements for establishing municipal liability as set forth by Judge Bryant, who found that "[t]he allegations of this [c]omplaint fail to identify an official policy or custom which caused injury to Plaintiff." (D.E. 7 at PageID 19-21.) Reasoning that "Plaintiff has not pointed to any policy or custom that caused Henry County . . . to manipulate charges, manufacture guilt, exaggerate punishment and bonds, strap arrestees in chairs, isolate the arrestees naked for days, or strip them of hygiene privileges," the magistrate judge indicated that Sisemore failed to state a claim on which relief may be granted, though "due to Plaintiff's *pro se* status . . . recommend[ed] that Plaintiff be given fourteen (14) days to amend his [c]omplaint to state a claim for municipal liability with respect to paragraph thirteen (13) of his [c]omplaint . . . ." (D.E. 7 at PageID 20-21.)

---

    freezing; no blanket; socks; underwear; t-shirt; and NO hygiene privileges! I did get to ask if this was how they treat DISABLED VETERANS HERE. That suffer with a seizure disorder?

(D.E. 1 at PageID 2.)

[2] In its order, this Court noted that it was unclear whether Sisemore was suing the 24th Judicial District as a separate defendant or only included it in the captions of two of his three total filings to describe Defendant Henry County. (D.E. 8 at PageID 23; *see* D.E. 6; D.E. 2; D.E. 1.) Ultimately, the Court determined that it would reach the same conclusion regardless of whether it construed the 24th Judicial District as a separate defendant. (D.E. 8 at PageID 23.)

According to the docket, Plaintiff has not amended his complaint—or submitted any filings since November 8, 2017—and the 14-day period for doing so has passed. (*See* D.E. 8 at PageID 25.)

## II. Applicable Law for Dismissing the Case Pursuant to Fed. R. Civ. P. 41(b)

Rule 41 permits a district court to dismiss an action if a plaintiff fails to prosecute or comply with court orders. Fed. R. Civ. P. 41(b). While the rule "does not expressly provide for a *sua sponte* dismissal . . . it is well-settled that the district court can enter a *sua sponte* order of dismissal under Rule 41(b)." *Rogers v. City of Warren,* 302 F. App'x 371, 375 n.4 (6th Cir. 2008) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). "The rule allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (per curiam) (citing *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).

The Sixth Circuit has articulated four factors to guide district courts in assessing whether dismissal for failure to prosecute is warranted:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Crawford v. Beaumont Hosp.-Wayne*, No. 17-1305, 2017 WL 4182098, at *2 (6th Cir. Sept. 12, 2017) (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)). "This test attempts to balance certain 'competing concerns' raised in the context of involuntary dismissals, which include '[t]he court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant . . . [with] [a] policy [that] favors disposition of cases on their merits.'" *Rogers*, 302 F. App'x at 376 n.5 (quoting

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)). "Although typically none of the factors is outcome dispositive . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363). "Contumacious" has been "defined as 'perverse in resisting authority' and 'stubbornly disobedient.'" *Id.* at 737 (quoting Webster's Third New International Dictionary 497 (1986)).

While "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted," the Sixth Circuit has permitted dismissal where a *pro se* plaintiff "failed to adhere to readily comprehended court deadlines of which he was well-aware." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (recognizing that "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay" (citing *Holt v. Pitts*, 619 F.2d 558, 562 (6th Cir. 1980))).

### III. Dismissing the Case for Failure to Prosecute Under Fed. R. Civ. P. 41(b)

Applying the *Crawford* considerations to the present case, the Court finds that dismissal pursuant to Rule 41(b) is warranted. *Crawford*, 2017 WL 4182098, at *2; Fed. R. Civ. P. 41(b).

As to the first factor, the Sixth Circuit has found willfulness and fault when a plaintiff's conduct indicated "an intention to let his case lapse." *See Schafer*, 529 F.3d at 739. Here, Sisemore was engaged in this litigation beyond solely filing his May 17, 2017 complaint, as he submitted a motion to proceed *in forma pauperis* on the same day and notice of a change of address on November 8, 2017. (D.E. 6; D.E. 2); *cf. Miller v. Spencer Gifts, LLC*, No. 15-1095, 2016 WL 325155, at *1 (W.D. Tenn. Jan. 27, 2016) (finding that the first consideration supported dismissal where a *pro se* plaintiff "ha[d] done nothing to move th[e] case forward

4

since its initial filing" (citing *McCall v. Cort Furniture Rental*, No. 13-2475-STA-tmp, 2014 WL 4929324, at *2 (W.D. Tenn. Oct. 1, 2014))). Then, however, Sisemore's pursuit of the case ended without explanation, as he failed to amend his complaint as permitted by this Court's January 11, 2018 order. (D.E. 8 (noting that Plaintiff also did not object to the magistrate judge's R&R dismissing the state of Tennessee and the 24th Judicial District as Defendants).) While there is no evidence to suggest that Sisemore has acted in bad faith, he is clearly at fault and acted willfully in drawing these proceedings to a halt. *See Schafer*, 529 F.3d at 739 (concluding that a *pro se* plaintiff's failure neither to refile his complaint as ordered by the court nor request an extension to refile until two months after his deadline "show[ed] willfulness and fault in that he was at best extremely dilatory in not pursuing his claim"). Thus, given that Plaintiff disregarded the Court's order permitting him to amend his complaint, the first prong favors dismissal. (D.E. 8 at PageID 25.)

"With respect to the second factor . . . '[t]he key to finding prejudice . . . is whether the defendants waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Crawford*, 2017 WL 4182098, at *3 (alterations in original) (quoting *Schafer*, 529 F.3d at 739). According to the docket, Henry County has not had any involvement in this case or been served with process, so it has not been prejudiced.

The third prong, which the Sixth Circuit described as "a key consideration" in analyzing whether to dismiss a case under Rule 41(b), has been satisfied, as this Court clearly put Sisemore on notice in its order adopting the R&R that failing to submit an amended complaint could result in dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737); (D.E. 8 at PageID 25). Furthermore, the magistrate judge's recommendation that Plaintiff be allowed additional

time to amend his complaint to state a claim for municipal liability despite the complaint's "fail[ure] to identity an official policy or custom which caused injury to Plaintiff" should have put him on notice that dismissal could likely follow, especially in light of Judge Bryant's dismissal in the same order of the two other defendants in this case due to Sisemore's failure to state a claim against them in his complaint. (D.E. 7 at PageID 21); *see* 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, Plaintiff's noncompliance with this Court's order constitutes the contumacious conduct required for dismissal. *See Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (determining that a *pro se* plaintiff's failure to comply with a court order, which expressly warned that such failure would result in dismissal, qualified as contumacious conduct and justified dismissal); (D.E. 8 at PageID 25).

Regarding the final factor, although lesser sanctions have not previously been imposed, the Court can conceive of no such sanction that would encourage Sisemore to pursue his case. *See Schafer*, 529 F.3d at 740 (finding that the fourth consideration supported dismissal where the *pro se* plaintiff was given "a second chance to file his complaint" after it was initially dismissed without prejudice); *Ransaw v. Lucas*, No. 1:09-cv-2332, 2014 WL 5341678, at *4 (N.D. Ohio Oct. 20, 2014) (explaining that the "[p]laintiff's complete failure to prosecute th[at] action render[ed] any other sanction either impossible to impose or futile"). This factor is supported by Plaintiff's failure to amend his complaint or to file any objection to the magistrate judge's finding that Sisemore had failed to state a claim on which relief could be granted against Henry County. (*See* D.E. 7 at PageID 20-21.) Thus, because it is unlikely that lesser sanctions would have been effective, such sanctions would have likely been futile. *See Crawford*, 2017 WL 4182098, at *3.

## IV. Conclusion

In light of the majority of Fed. R. Civ. P. 41(b) factors supporting dismissal, especially the third prong regarding the Court's prior notice to Plaintiff of the possible dismissal of this action, this matter is DISMISSED with prejudice. *See Schafer*, 529 F.3d at 740 (finding that a district court did not abuse its discretion in dismissing a *pro se* plaintiff's case with prejudice); (D.E. 8 at PageID 25).

IT IS SO ORDERED this 6th day of February 2018.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE